INTERNATIONAL HARVESTER CREDIT CORPORATION v. HAROLD ROSCOE BOWMAN AND BARBARA J. BOWMAN

No. 8326SC856

(Filed 19 June 1984)

**1. Fraud § 5; Guaranty § 1— unreasonable reliance on misrepresentations**

Defendant guarantors' reliance, if any, on alleged misrepresentations by plaintiff creditor's agent as to whether their guaranty extended to subsequent purchases was unreasonable as a matter of law since there was no fiduciary relationship between the creditor and guarantors, and since defendants were charged with knowledge of the contents of the written instrument which they signed. Furthermore, plaintiff's agent had no duty to "disclose" to defendants the clear terms of the guaranty.

**2. Guaranty § 1— guaranty of present and future indebtedness—consideration**

A guaranty extending to all obligations for which a corporation "is now or may hereafter become liable" was supported by consideration although plaintiff had extended credit to the corporation prior to defendants' execution of the guaranty.

### 3. Guaranty § 2— guarantors' obligation not in dispute

The amount of defendant guarantors' obligation was not in dispute because of their allegations concerning the sale of the collateral for the· debts which they guaranteed where the sale of the collateral was conducted pursuant to an order of a federal bankruptcy court, defendants have identified no specific flaw or defect in the manner in which the sales were carried out, and the actual deficiency yielded by the sale was more than twice the amount awarded by the bankruptcy court as a deficiency allowance.

### 4. Guaranty § 1— waiver of notice of sale of collateral

Defendant guarantors waived notice of the sale of collateral for the debts which they guaranteed by language in the guaranty agreement stating that they waived "all other notices of any kind whatsoever."

APPEAL by defendants from *Snepp, Judge.* Order entered 28 March 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 8 May 1984.

This is a civil action wherein plaintiff seeks to recover $51,000.00 under a guaranty agreement executed by plaintiff and defendants on 3 October 1977. The record reveals the following:

Plaintiff, a North Carolina corporation, is a subsidiary of International Harvester Corporation. Defendant Harold Bowman is the former president and fifty-three percent stockholder in B & A Transport Company, Inc., a now bankrupt long-distance trucking company. Beginning in 1977 B & A Transport engaged in a series of transactions with plaintiff and its parent company, in which B & A purchased trucks from International Harvester Corporation and financed its acquisitions through plaintiff Credit Corporation by execution of numerous retail installment contracts. On 3 October 1977, defendants executed a guaranty in favor of plaintiff and its parent corporation, in which they guaranteed payment of all debts and obligations incurred by B & A Transport. On 23 January 1980 B & A Transport filed for bankruptcy, and has since that time failed to make regular payments to plaintiff as required by the installment contracts. The vehicles subject to the installment contracts were sold pursuant to order of the United States Bankruptcy Court, entered 8 May 1980. Sale of the vehicles produced a substantial deficiency, and on 20 October 1980 the bankruptcy judge entered an order declaring that plaintiff was entitled to a deficiency allowance of $51,000.00. On 1 March 1981 plaintiff filed this action, seeking to recover $51,000.00 from defendants pursuant to the guaranty.

Defendants counterclaimed, asserting that their signatures on the guaranty were obtained by means of plaintiff's unfair and deceptive trade practices. On 28 March 1983 plaintiff's motion for summary judgment was granted, and defendants were ordered to pay plaintiff $51,000.00 plus costs and attorney's fees. The court did not rule on defendants' counterclaim. Defendants appealed.

*C. Eugene McCartha for plaintiff, appellee.*

*White and Crumpler, by David R. Crawford, for defendants, appellants.*

HEDRICK, Judge.

We note at the outset that defendants' appeal is from an order "which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" and is thus premature. N.C. Gen. Stat. Sec. 1A-1, Rule 54(b), North Carolina Rules of Civil Procedure. Nevertheless, we choose to exercise our discretion to pass on the merits of defendants' appeal.

The thrust of defendants' argument on appeal is that summary judgment was inappropriate because of the existence of "multiple genuine issues of material fact" raised by the pleadings and supporting documents considered by the trial judge. We will examine each of these alleged "genuine issues" in turn.

[1] Defendants first contend that a genuine issue exists as to whether their execution of the guaranty was procured by the fraudulent acts of plaintiff's agent, and whether "plaintiff breached a duty . . . to reveal the material terms of the guaranty." In support of this argument, defendants contend that their subjective understanding of the guaranty was that their obligations extended only to the purchase of one truck, and not to all subsequent purchases made by B & A Transport. They further contend that they communicated this understanding to plaintiff's agent, who assured them that this was accurate. Finally, defendants point to the failure of plaintiff's agent to point out to them provisions of the guaranty directly contrary to this alleged misrepresentation.

We find defendants' argument in this regard entirely unpersuasive. The clear language of the guaranty, which defendants are

presumed to have read and which defendants signed, in pertinent part provides:

> The Undersigned, for a valuable consideration the receipt of which is hereby acknowledged, hereby guarantees payment, at maturity, of any and all indebtedness or obligations, whether primary or secondary, for which B & A Transport Co., Inc., of Mt. Airy, County of Surry and State of North Carolina, is now *or may hereafter* become liable or indebted to International Harvester Company or International Harvester Credit Corporation.

(Emphasis added.)

A person who executes a written instrument is ordinarily charged with knowledge of its contents, *Mills v. Lynch*, 259 N.C. 359, 130 S.E. 2d 541 (1963), and may not base an action for fraud on ignorance of the legal effect of its provisions, *Pierce v. Bierman*, 202 N.C. 275, 162 S.E. 566 (1932). While these rules do not apply to situations in which the person making the misrepresentations stands in a fiduciary relationship to the signing party, *Vail v. Vail*, 233 N.C. 109, 63 S.E. 2d 202 (1951), the relationship between a creditor and a guarantor is not such a relationship. In short, we hold that defendants' reliance, if any, on alleged misrepresentations made by plaintiff's agent was unreasonable as a matter of law. We further hold that plaintiff's agent had no duty to "disclose" to defendants the clear terms of the guaranty. The case relied on by defendants in support of their contention to the contrary involved a situation in which a creditor was allegedly aware of some fact that materially increased the guarantor's risk and which the creditor knew the guarantor probably would not discover. *See Trust Co. v. Akelaitis*, 25 N.C. App. 522, 214 S.E. 2d 281 (1975). The principles set out in this case have no application to the facts here presented.

[2] Defendants next contend that a genuine issue is presented as to whether the guaranty was supported by valid consideration. In this regard defendants make much of the fact that plaintiff had extended credit to B & A Transport prior to their execution of the guaranty. Because plaintiff's extension of credit was independent of the guaranty, defendants argue, the guaranty was without consideration and was thus unenforceable.

It is true, as defendants assert, that a guaranty executed independently of the main debt must be supported by independent consideration. *Supply Co. v. Dudney*, 56 N.C. App. 622, 289 S.E. 2d 600 (1982). We do not agree, however, that the record discloses a genuine issue of material fact as to the existence of such independent consideration in the instant case. This Court has said that a guaranty of future as well as present indebtedness is supported by adequate consideration, *Gillespie v. DeWitt*, 53 N.C. App. 252, 280 S.E. 2d 736, *disc. rev. denied*, 304 N.C. 390, 285 S.E. 2d 832 (1981). We find *Gillespie* controlling on the facts before us, where the guaranty extends to all obligations for which B & A Transport "is now or may hereafter become liable." We note in further support of our ruling that plaintiff in fact extended credit to B & A Transport on several occasions after defendants' execution of the guaranty.

[3] Defendants also argue that summary judgment was improper because the amount of their obligation under the guaranty was in dispute. In support of this contention defendants set forth a number of allegations going to the sale of the collateral for the debts that they guaranteed. Specifically, defendants complain that they had no notice of the sale and that the sale was negligently conducted and was thus commercially unreasonable.

We find defendants' argument to be without merit for several reasons. First, we note that the sale of the collateral securing B & A Transport's debt was conducted pursuant to order of the United States Bankruptcy Court. Secondly, we note that defendants have, aside from general allegations, identified no specific flaw or defect in the manner in which the sales were carried out. Next, we note that the actual deficiency yielded by the sale was more than twice the amount awarded by the Bankruptcy Court as a deficiency allowance. Finally, we point out the language of the guaranty:

The Undersigned also agrees that the written acknowledgment of the debtor or the judgment of any court establishing the amount due from the debtor shall be conclusive and binding on the Undersigned. . . .

[4] In regard to defendants' argument that they were entitled to notice of the sale, we point out that defendants have found neither case nor statute in this State that supports their position.

Furthermore, we turn once again to the clear language of the contractual agreement entered into by the parties:

> The Undersigned hereby waives notice of the acceptance of this guaranty, notice of any and all indebtedness or obligations now existing or which may hereafter exist, notice of default of payment, demand and diligence, *and all other notices of any kind whatsoever.*

(Emphasis added.)

Our disposition of this case makes a discussion of defendants' remaining assignment of error unnecessary.

Affirmed.

Judges ARNOLD and PHILLIPS concur.