CORNELIA BELK GANT v. NCNB NATIONAL BANK OF NORTH CAROLINA

No. 8826SC906

(Filed 6 June 1989)

1. **Guaranty § 2— duty to reveal to guarantor financial condition of debtor — sufficiency of complaint**

    In an action arising out of a contract of guaranty signed by plaintiff in favor of defendant guaranteeing loans by defendant to a company owned by plaintiff's husband, plaintiff's complaint was sufficient to state a claim for relief, even if it was labeled improperly, where plaintiff alleged that defendant knew she was unaware of the financial condition of the principal debtor and knew that she was relying on defendant's "good faith and financial expertise" in making the loans; and plaintiff alleged that defendant at all times knew or had sufficient information to know the principal debtor was insolvent.

2. **Rules of Civil Procedure § 15— amendment of complaint after dismissal**

    Where an amendment to a complaint is to cure clearly typographical errors which were not the basis of dismissal, defendant is not prejudiced by the allowance of the amendment.

3. **Fraud § 9— no allegations as to time, place, or persons making misrepresentations — insufficiency of complaint to allege fraud**

    The trial court properly dismissed plaintiff's claim of fraud since the complaint contained no facts whatsoever setting forth the time, place, or specific individuals who purportedly made the fraudulent misrepresentations to plaintiff, and it is insufficient to allege conclusorily that a corporation made fraudulent misrepresentations.

APPEAL by plaintiff from *Snepp, Judge.* Order entered 7 June 1988, effective as of 17 May 1988 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 16 March 1989.

This case arose out of a contract of guaranty signed by plaintiff in favor of defendant, guaranteeing loans made by defendant to a company owned by plaintiff's husband. Plaintiff's complaint alleged a breach by defendant of its duty of good faith, fraud, negligence and wrongful withholding of stock certificates. Defendant moved to dismiss for failure to state a claim upon which relief can be

granted. G.S. 1A-1, Rule 12(b)(6). Defendant's motion was granted and plaintiff appeals.

*James, McElroy and Diehl, by William K. Diehl, Jr. and J. Mitchell Aberman for plaintiff-appellant.*

*Adams, Kleemeier, Hagan, Hannah and Fouts, by Charles T. Hagan, III and J. Alexander S. Barrett for defendant-appellee.*

EAGLES, Judge.

[1] Plaintiff argues on appeal that the trial court erred in dismissing her complaint. After careful consideration of the record on appeal and the applicable law, we agree in part.

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970). In order to withstand the motion, the complaint must provide sufficient notice of the events and circumstances from which the claim arises and must state allegations sufficient to satisfy the substantive elements of at least some recognized claim. *Hewes v. Johnston*, 61 N.C. App. 603, 301 S.E. 2d 120 (1983). The question before us is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not. *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1977).

The crux of plaintiff's complaint is that defendant failed to fulfill its obligation to inform her of the financial condition of the company whose loans she guaranteed. Although there is no fiduciary relationship between creditor and guarantor, *International Harvester Credit Corp. v. Bowman*, 69 N.C. App. 217, 220, 316 S.E. 2d 619, 621, *disc. rev. denied*, 312 N.C. 493, 322 S.E. 2d 556 (1984), in some instances a creditor owes a duty to the guarantor to disclose information about the principal debtor.

> If the creditor knows, or has good grounds for believing that the surety [or guarantor] is being deceived or misled, or that he is induced to enter into the contract in ignorance of facts materially increasing the risks, of which he has knowledge, and he has an opportunity, before accepting his undertaking, to inform him of such facts, good and fair dealing demand that he should make such disclosure to him; and if he accepts

the contract without doing so, the surety [or guarantor] may afterwards avoid it.

*Trust Co. v. Akelaitis,* 25 N.C. App. 522, 526, 214 S.E. 2d 281, 284 (1975), quoting 10 Williston, Contracts, section 1249 (3d ed. 1967).

Plaintiff has alleged the defendant knew that she was unaware of the financial condition of the principal debtor and knew she was relying on defendant's "good faith and financial expertise" in making the loans. Further, plaintiff alleged the defendant at all times knew or had sufficient information to know the principal debtor was insolvent. Plaintiff has alleged sufficient facts to state a claim against defendant, whether the cause of action is ultimately determined to be one for negligence or "breach of duty of good faith," as plaintiff has labeled her claims. Allegations of sufficient facts to state any legal claim are all that is generally required to withstand a Rule 12(b)(6) motion.

[2] We also note that plaintiff's allegations of negligence contain language regarding "plaintiff's negligence" and defendant's "fraud." Defendant asserts that these errors in pleading are sufficient in themselves to warrant dismissal of plaintiff's claim. The record does not indicate the trial court based its order of dismissal on these clearly typographical errors, which were purportedly cured by plaintiff's motion to amend the complaint. We agree with defendant's assertion that plaintiff may not amend its complaint after an order of dismissal has been entered. *Johnson v. Bollinger,* 86 N.C. App. 1, 356 S.E. 2d 378 (1987). However, in this case, where the amendment is to cure clearly typographical errors that were not the basis of dismissal, we see no prejudice to defendant.

[3] Plaintiff has also alleged a cause of action based on fraud. The essential elements of actionable fraud are well established.

> There must be a misrepresentation of material fact, made with knowledge of its falsity and with intent to deceive, which the other party reasonably relies on to his deception and detriment. Equally well-established is the requirement that the plaintiff allege all material facts and circumstances constituting the fraud with particularity in the complaint. Mere generalities and conclusory allegations of fraud will not suffice. [Citations omitted.]

*Moore v. Wachovia Bank & Trust Co.,* 30 N.C. App. 390, 391, 226 S.E. 2d 833, 834-35 (1976). The pleader must state with particularity the time, place and content of the false representation.

Here because plaintiff has failed to allege the circumstances constituting fraud with sufficient particularity, the trial court was correct in granting defendant's Rule 12(b)(6) motion on the fraud claim. The fatal deficiency in plaintiff's allegations is that the complaint contains no facts whatsoever setting forth the time, place or specific individuals who purportedly made the fraudulent misrepresentations to plaintiff. It is not sufficient to allege conclusorily that a corporation made fraudulent misrepresentations. See *Coley v. NCNB*, 41 N.C. App. 121, 254 S.E. 2d 217 (1979).

Plaintiff has also asserted a claim for wrongful withholding of stock certificates. In the complaint plaintiff alleges that the defendant is wrongfully withholding the stocks plaintiff pledged in guarantee of the loans. Return of the stocks, plus damages, is what plaintiff is seeking and this "cause of action" is in reality a remedy plaintiff is requesting, not an independent cause of action. Plaintiff has not cited any case where an independent cause of action for wrongful withholding of stock certificates has been recognized and we decline to recognize one here. Plaintiff is merely seeking a remedy.

For the reasons stated, the trial court's order of dismissal is affirmed in part and reversed in part, and the case remanded for proceedings on the breach of duty of good faith claim and the negligence claim.

Affirmed in part, reversed in part and remanded.

Judges WELLS and GREENE concur.