The defendant W. R. Perry was executor of S.D. Perry, deceased. The present plaintiff Frank Perry brought an action against the executor to recover a certain amount which he claimed to be due him. At the first trial in the Superior Court the jury found against the plaintiff. A new trial was grated because of the complaint of the judge upon the plaintiff's counsel. At the second trial the jury found in favor of the plaintiff, and this judgment was affirmed by the Supreme Court. The plaintiff Frank Perry then sought to charge the executor personally with the costs of said litigation, and at the October Term, 1908, lodged a motion to this effect, supporting it by an affidavit in which he charged the executor with bad faith in defending the action. In response to this affidavit, and in order to show his good faith in defending said action, the executor filed an affidavit upon which this action for libel is brought. The motion was denied and the executor was not taxed personally with the costs.
The substance of the paragraphs in aforesaid affidavit upon which the plaintiff relies, as ground for this action for libel, is that said affidavit styles the testimony of plaintiff in the action (267) referred to as "false," "false in the start and fraudulent in the manner in which it was attempted to be established," and that plaintiff's claim was "essentially unjust, dishonest and unlawful." This is warm language, but the occasion was privileged. There was no publication of this language by the defendant in the newspapers, or otherwise, nor elsewhere. It was used only on the motion by the plaintiff to tax the *Page 218 
defendant, executor, personally with the costs and the judge refused the motion. The affidavit was, therefore, "absolutely privileged," and an action could not be maintained even though the charges were shown to be false and actual malice proven. Ramsey v. Cheek, 109 N.C. 270 25 Cyc., 376.
In this present action the complaint avers that the said affidavit of the defendant is "false, malicious and defamatory," yet surely the defendant can not sue the plaintiff for libel in so alleging.
It looks very much like what Pearson, C. J., styled, in one of his opinions, as "cross-firing with small shot."
The law has been summed up and stated, with full citation of authorities in Nissen v. Kramer, 104 N.C. 574, and Ramsey v. Cheek, 10 N.C. 270. This case falls under the head of "absolutely privileged,' as defined inRamsey v. Cheek, supra. The judgment of nonsuit is
Affirmed.