OLIN D. HAWKINS v. RICHARD S. WEBSTER AND BENNY M. CHURCH

No. 8521SC331

(Filed 31 December 1985)

1. **Perjury § 1— no civil action based on perjury**

    The rule in N. C. is that a civil action in tort will not lie for perjury or subornation of perjury.

2. **Conspiracy § 1— conspiracy to give false testimony—no civil action**

    A civil action may not be maintained for a conspiracy to give false testimony.

3. **Malicious Prosecution § 13— no prior action by defendants against plaintiff— insufficiency of evidence**

    The trial court properly dismissed plaintiff's claim for malicious prosecution where there was no allegation that defendants ever initiated a prior action against plaintiff but plaintiff instead alleged that defendants procured or caused to be instituted against him third party indemnity actions filed by a bank, his former employer; plaintiff did not sufficiently allege special damages; and plaintiff, by his own admission, indicated that his prior convictions, rather than the bank's third party indemnity claims, were responsible for any loss of livelihood he may have suffered.

4. **Process § 19— filing of answer—no abuse of process**

    Plaintiff's complaint was insufficient to state a claim for abuse of process where plaintiff alleged that the improper act of defendants was the filing of their answers which contained falsehoods and resulted in his former employer bringing a third party action against him, since the filing of an answer is not the type of improper act upon which a proper claim of abuse of process may be founded; furthermore, statements in pleadings filed in a judicial proceeding which are relevant to the subject matter are absolutely privileged.

APPEAL by plaintiff from *DeRamus, Judge*. Judgment entered 6 December 1984 in Superior Court, FORSYTH County. Heard in the Court of Appeals 21 October 1985.

*Wilson, DeGraw, Johnson & Miller, by Gordon A. Miller, for plaintiff appellant.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, by Howard L. Williams and Jill R. Wilson for defendant appellee.*

BECTON, Judge.

The question before us is whether the trial court properly dismissed plaintiff's claims under Rule 12(b)(6).

I

The background to the present lawsuit follows. In July 1981, plaintiff Olin Hawkins, past president of United Citizens Bank (hereafter "the Bank") was convicted in federal court of five counts of banking violations, three of which related to Hawkins' allowing defendants Richard Webster and Benny Church to sign notes made payable to a J. R. Richards when Hawkins knew that defendants were signing the notes. In January 1983, the Bank filed two civil lawsuits, in one of which both Webster and Church were named among the defendants, and in the other, Webster was named as defendant. These actions were for amounts allegedly due on notes executed by defendants. Defendants filed answers containing counterclaims stating that defendants had signed the notes at the request and instruction of Hawkins, the Bank's agent. The Bank asserted third-party complaints against Hawkins for indemnity on the counterclaims. In the first lawsuit, the claims of all parties were voluntarily dismissed with prejudice. In the second, Hawkins was dropped from the lawsuit by stipulation of the parties, and the trial resulted in a directed verdict against Webster.

In the present action, Hawkins sets forth sixteen causes of action based on malicious prosecution, abuse of process, emotional distress, fraud, outrageous and negligent conduct, unfair and deceptive acts, conspiracy, perjury and invasion of privacy resulting from the earlier criminal and civil proceedings. More particularly, each of the claims is essentially derived from allegations that the defendants knowingly gave false information to the FBI and IRS agents who conducted the investigation that resulted in criminal charges being filed against Hawkins; that defendants gave perjured testimony at Hawkins' criminal trial; and that defendants' answers to the Bank's civil complaints contained information that defendants knew to be false. For the reasons stated below, we hold the trial court properly granted the motion to dismiss, and we affirm.

## II

The essential question on a Rule 12(b)(6) motion is whether the complaint, when liberally construed, states a claim upon which relief can be granted on any theory. *Benton v. Construction Co.*, 28 N.C. App. 91, 220 S.E. 2d 417 (1975). In deciding such a motion the trial court is to treat the allegations of the pleading it challenges as true. *Smith v. Ford Motor Co.*, 289 N.C. 71, 221 S.E. 2d 282 (1976). Rule 12(b)(6) generally precludes dismissal except in those instances in which the face of the complaint discloses some insurmountable bar to recovery. *Brown v. Brown*, 21 N.C. App. 435, 204 S.E. 2d 534 (1974). We apply these principles to each of the claims advanced by Hawkins in his complaint.

### Perjury

[1] Hawkins alleges that he suffered damages as a result of his criminal conviction for various illegal banking activities "based on and obtained through the perjured testimony of Defendants Webster and Church." The rule in North Carolina is that "a civil action in tort will not lie for perjury or subornation of perjury." *Henry v. Deen*, 61 N.C. App. 189, 196, 300 S.E. 2d 707, 711 (1983), *rev'd on other grounds*, 310 N.C. 75, 310 S.E. 2d 326 (1984);[1] *Accord Gillikin v. Springle*, 254 N.C. 240, 118 S.E. 2d 611 (1961) (perjured testimony and subornation thereof are criminal offenses, but neither supports civil action for damages). As the law of this State does not recognize a civil cause of action based on perjury, this claim was properly dismissed.

### Conspiracy

[2] In his claim based on civil conspiracy, Hawkins alleges that defendants conspired to engage in a series of unlawful bank transactions, conspired to give false information to the FBI and IRS, conspired to commit perjury at Hawkins' criminal trial, and conspired to place false information in their answers to the Bank's

---

1. The Supreme Court in *Henry v. Deen* stated that it did not need to consider the "continuing vitality of the rule forbidding civil actions for perjury," 310 N.C. at 89, 310 S.E. 2d at 335, as the facts in that case only created an issue of whether a cause of action was stated for civil conspiracy. In distinguishing cases enunciating the rule, the *Henry* Court reviewed the reasons underlying it, namely, (1) availability of criminal sanctions, (2) lack of precedent for such an action, (3) policy favoring final judgments, (4) possibility of multiplicity of suits, and (5) danger that witnesses might be intimidated from testifying. *Id.* at 88, 310 S.E. 2d at 335.

civil actions. A civil action may not be maintained for a conspiracy to give false testimony. *Henry v. Deen.* Furthermore, statements in pleadings filed in a judicial proceeding which are relevant to the subject matter are absolutely privileged. *Jones v. City of Greensboro,* 51 N.C. App. 571, 584, 277 S.E. 2d 562, 571 (1981); *Perry v. Perry,* 153 N.C. 265, 69 S.E. 130 (1910) (statements in affidavit from prior action absolutely privileged). Thus, there is no legal theory upon which Hawkins might prevail on his claim of civil conspiracy.

*Invasion of Privacy, Intentional Infliction of Emotional Distress, Fraud, Negligent and Outrageous Conduct, Unfair and Deceptive Trade Practices*

In the above claims, Hawkins has simply taken allegations of perjury and relabeled them as recognized causes of action. For example, Hawkins charges that lies and misrepresentations made by the defendants to federal agents and the federal courts caused him "severe emotional distress, disorientation and despair." Since the basis of the foregoing claims is civil perjury, a cause of action North Carolina has expressly declined to recognize, the entry of dismissal as to these claims was proper. Furthermore, in his brief, Hawkins has failed to present and discuss any questions pertaining to fraud, outrageous and negligent conduct, and unfair and deceptive trade practices, as required by Rule 28(a), N.C. Rules of Appellate Procedure. Thus, Hawkins' appeal on those claims is deemed abandoned.

*Malicious Prosecution*

[3]    The elements of malicious prosecution, when the claim is based on a civil action, are:

(1) That the defendant initiated an earlier proceeding;

(2) That the defendant did so maliciously and without probable cause;

(3) That the earlier proceeding terminated in the plaintiff's favor;

(4) That there was some element of special damage resulting from the action, the gist thereof being substantial interference either with the plaintiff's person or property.

Hawkins v. Webster

*Stanback v. Stanback,* 297 N.C. 181, 203, 254 S.E. 2d 611, 625 (1979).

In the instant case, there is no allegation that defendants Webster and Church ever initiated a prior action against Hawkins; rather, Hawkins alleges that defendants "procured or caused to be instituted against [him]" the third party indemnity actions filed by the Bank. This does not, in our estimation, satisfy the requirement that the defendant initiate a prior proceeding.

Furthermore, the insufficient allegations of special damages make this claim susceptible to dismissal. The only arguably colorable allegation of special damages is that as a result of the third-party indemnity action, Hawkins suffered "loss of livelihood and business." In support of his position that he has adequately alleged special damages, Hawkins relies on *Carver v. Lykes,* 262 N.C. 345, 137 S.E. 2d 139 (1964), in which the Supreme Court stated that when a person initiates proceedings against another before an administrative board "which has the power to suspend or revoke that other's license to do business or practice his [or her] profession," *id.* at 352, 137 S.E. 2d at 145, that person may be held liable for the resulting damages in an action for malicious prosecution. This rule seems to be limited to situations in which the allegations disclose that the prior action caused a direct interference with the right to earn a livelihood. *Cf. Hurow v. Miller,* 45 N.C. App. 58, 262 S.E. 2d 287 (1980) (refusing to apply rule concerning loss of livelihood when prior action was challenge to plaintiff's right to vote). We find the rule of *Carver v. Lykes* has no application to the instant facts.

Finally, we note that in the introductory allegations in his complaint, Hawkins alleges that after he resigned from United Citizens Bank in 1979, he became employed by the Northwestern Bank, and that "[a]s a result of his conviction in 1981, he was dismissed from employment at Northwestern Bank." By his own admission, then, Hawkins indicates that his prior convictions, rather than the Bank's third party indemnity claims, were responsible for any loss of livelihood he may have suffered.

*Abuse of Process*

[4] "[A]buse of process is the misuse of legal process for an ulterior purpose," *Stanback* at 200, 254 S.E. 2d at 624, *quoting*

*Fowle v. Fowle*, 263 N.C. 724, 728, 140 S.E. 2d 398, 401 (1965). Abuse of process requires both an ulterior motive and a wilful act not proper in the regular prosecution of the proceedings. *Id.* at 201, 254 S.E. 2d at 624. An example of such an act is an offer made to discontinue a lawsuit in return for the payment of money. *Id.* Hawkins alleges that the improper act here was the filing of defendants' answers, which contained falsehoods and resulted in the Bank bringing a third-party action against him. The filing of an answer is not the type of improper act upon which a proper claim of abuse of process may be founded. Moreover, insofar as the answers are alleged to contain false statements, we reiterate that such statements enjoy absolute privilege.

Affirmed.

Chief Judge HEDRICK and Judge PARKER concur.