BESSIE C. LOCUS v. FAYETTEVILLE STATE UNIVERSITY; DR. ROBERT LEMONS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS HEAD, DIVISION OF GENERAL STUDIES; MR. JAMES SCURRY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DIRECTOR OF CAREER PLANNING AND PLACEMENT; DR. CHARLES A. LYONS, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHANCELLOR OF FAYETTEVILLE STATE UNIVERSITY; VALERIA FLEMING, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS PROVOST AND VICE-CHANCELLOR FOR ACADEMIC AFFAIRS; MATTHEW JARMOND, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DIRECTOR OF PERSONNEL; ROBERT JAMES, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS THE COORDINATOR OF THE TITLE III PROGRAM; DR. JAMES E. CARSON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS VICE CHANCELLOR FOR INSTITUTIONAL DEVELOPMENT; HAROLD L. NIXON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS VICE CHANCELLOR OF STUDENT DEVELOPMENT; AND WILLIAM CLEMENT, INDIVIDUALLY

No. 9012SC381

(Filed 16 April 1991)

1. **State § 4 (NCI3d)— action against university and officials— sovereign immunity— dismissal for lack of personal jurisdiction**

A dismissal under N.C.G.S. § 1A-1, Rule 12(b)(2) for lack of personal jurisdiction applied to Fayetteville State University and the named defendants in their official capacities under the sovereign immunity doctrine where plaintiff had resigned her position with the University and brought an action against the University and nine individual defendants, eight of whom were named individually and in their official capacities, for intentional infliction of emotional distress, civil conspiracy and constructive discharge. Although it has been recognized that whether sovereign immunity presents a question of subject matter jurisdiction or of personal jurisdiction is unsettled in North Carolina, the Court of Appeals has on at least three occasions treated sovereign immunity as presenting a question of personal jurisdiction and the treatment of the dismissal for lack of personal jurisdiction in this case is consistent with the parties' treatment of this issue in their briefs. Moreover, plaintiff concedes in her brief that the dismissal was proper as applied to the University and the named defendants in their official capacities based upon the principle of sovereign immunity.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 42 et seq.**

LOCUS v. FAYETTEVILLE STATE UNIVERSITY

[102 N.C. App. 522 (1991)]

2. **Rules of Civil Procedure § 56 (NCI3d) — summary judgment — converted from 12(b)(6) motion — reasonable opportunity to oppose**

The trial court erred in an action arising from plaintiff's resignation of her employment by denying her the opportunity to present materials pertinent to a motion for summary judgment under N.C.G.S. § 1A-1, Rule 56 where the trial court converted defendants' motion for dismissal under Rule 12(b)(6) to a motion for summary judgment when it considered and partially based its decision upon an affidavit and depositions submitted by defendants. The trial judge apparently excluded plaintiff's proffered depositions because plaintiff had not submitted them prior to the motions hearing as instructed. Plaintiff appeared at the motions hearing expecting to oppose a Rule 12(b)(6) motion to dismiss, not a motion for summary judgment; thus, despite the fact that the court had given instructions for the parties to submit all material they wished to be considered prior to the hearing date, it was not unreasonable for plaintiff to have submitted her depositions at the hearing because such extraneous material would have been pertinent only to a motion for summary judgment, which was not raised until the hearing was well under way. The Rules of Civil Procedure do not require one party to anticipate the making of a motion by another party.

**Am Jur 2d, Summary Judgment §§ 13, 14, 17, 20, 28.**

APPEAL by plaintiff from Order entered 5 December 1989 in CUMBERLAND County Superior Court by *Judge Darius B. Herring, Jr.* Heard in the Court of Appeals 3 December 1990.

*James H. Locus for plaintiff-appellant.*

*Attorney General Lacy H. Thornburg, by Associate Attorney General Lars F. Nance, for defendant-appellee.*

WYNN, Judge.

In August 1986, the plaintiff, Bessie C. Locus, resigned from her position as an Administrative Assistant in the Career Planning and Placement Office at Fayetteville State University ("the University"). Thereafter, on 2 September 1988, she commenced this action against the University and nine individual defendants, eight of whom were named both individually and in their official capacities

with the University. In her complaint, she asserted claims for intentional infliction of emotional distress, civil conspiracy and constructive discharge, all of which arose out of actions taken by the named defendants.

In essence, the plaintiff alleged that she was the victim of a "civil conspiracy" formed by the defendants and designed to force her to quit her job at the University because she had filed a claim with the Equal Employment Opportunity Commission. The defendants filed an answer to her complaint asserting various defenses, including lack of personal jurisdiction, failure to state a claim upon which relief could be granted, sovereign immunity, qualified immunity and the intra-corporate conspiracy doctrine. The defendants later filed a separate motion to dismiss the complaint pursuant to North Carolina Rules of Civil Procedure 12(b)(2) and 12(b)(6), lack of personal jurisdiction and failure to state a claim upon which relief can be granted.

A hearing on all motions was originally calendared for 6 November 1989, but was continued by the trial court until 27 November 1989 with instructions that the parties submit all material they wished the court to consider prior to the hearing. Subsequent to that instruction, the defendants submitted several depositions in support of their motions to the court. The depositions were also served on the plaintiff. The plaintiff did not make any submissions prior to the hearing.

At the hearing on the motions, the defendants requested the court to convert their 12(b)(6) motion to one for summary judgment under Rule 56 and offered the previously submitted depositions in support of that motion. Thereafter, the plaintiff sought to present the deposition testimony of several of her witnesses. However, the trial court refused to consider the plaintiff's depositions for the reason that the plaintiff had failed to timely submit the depositions prior to the motions hearing date in accordance with the trial court's earlier instructions. The trial court then reviewed the defendants' depositions and entered an order which found that the principle of sovereign immunity shielded both the University and the defendants named in their official capacities from liability and that there were no genuine issues of material fact. The order concluded by dismissing the plaintiff's complaint against all defendants. The plaintiff now appeals.

**LOCUS v. FAYETTEVILLE STATE UNIVERSITY**

[102 N.C. App. 522 (1991)]

I

We must note at the outset that since there was no court reporter present to record the proceedings below, our review of this case is limited by the absence of a verbatim transcript. We must therefore rely upon the scant record and the parties' briefs for an explanation of the proceedings below. Secondly, the trial judge's written Order concluded that dismissal was warranted under Rules 12(b)(2) and 12(b)(6); however, it did not set forth which rule applied to the defendants in their official capacities and which applied to defendants in their individual capacities. Thirdly, although the Order found as fact that there were no genuine issues of material fact, it did not conclude by granting summary judgment.

[1] Notwithstanding these imprecisions, we have concluded that the 12(b)(2) dismissal for lack of personal jurisdiction applied to the University and the named defendants in their official capacities under the sovereign immunity doctrine. It has been recognized that whether sovereign immunity presents a question of subject matter jurisdiction or personal jurisdiction is unsettled in North Carolina. *Zimmer v. North Carolina Dept. of Transp.*, 87 N.C. App. 132, 133, 360 S.E.2d 115, 116 (1987). Nonetheless, on at least three occasions this court has treated sovereign immunity as presenting a question of personal jurisdiction. *See id.* at 134, 360 S.E.2d at 116; *Stahl-Rider, Inc. v. State*, 48 N.C. App. 380, 269 S.E.2d 217 (1980); *Sides v. Cabarrus Memorial Hosp., Inc.*, 22 N.C. App. 117, 205 S.E.2d 784 (1974), *modified and aff'd*, 287 N.C. 14, 213 S.E.2d 297 (1975). Our treatment of the trial court's 12(b)(2) dismissal as applying to the University and the named defendants in their official capacities is consistent with the parties' treatment of this issue in their briefs. Moreover, the plaintiff concedes in her brief that based upon the principle of sovereign immunity, the trial court's 12(b)(2) dismissal was proper as applied to the University and the named defendants in their official capacities. We therefore need not address the propriety of that ruling.

It follows that this appeal is limited to the defendants in their individual capacities. Correspondingly, in their briefs, the parties addressed the 12(b)(6) motion, and the ruling thereon, as a motion and decision for summary judgment in favor of the named defendants in their individual capacities. We are of the opinion that the parties also correctly treated this issue and will address it accordingly.

## II

[2] The plaintiff's sole assignment of error on appeal is that the trial court erred by failing to give her a reasonable opportunity to oppose the defendants' summary judgment motion with the proffered depositions. We agree.

Here, the trial court converted the defendants' 12(b)(6) motion to a motion for summary judgment when it considered and partially based its decision upon an affidavit and depositions submitted by the defendants. This conversion is quite permissible where matters outside the pleadings are presented to and not excluded by the court on a motion to dismiss for failure to state a claim. Our Supreme Court has held that such a motion shall be treated as one for summary judgment under Rule 56. *DeArmon v. B. Mears Corp.*, 312 N.C. 749, 758, 325 S.E.2d 223, 229 (1985); *See also* N.C. R. Civ. P. 12(b). Moreover, North Carolina General Statutes section 1A-1, Rule 12(b) states, in pertinent part, that,

> If, on a [12(b)(6)] motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given *reasonable opportunity* to present all material made pertinent to such a motion by Rule 56.

N.C. Gen. Stat. § 1A-1, Rule 12(b) (1990) (emphasis added).

It is the plaintiff's contention that even though the named defendants may be shielded from liability in their official capacities, they remain *personally* liable for any actions which may have been corrupt, malicious or perpetrated outside and beyond the scope of official duties. The truth of this assertion cannot be denied:

> While personal liability for mere negligence turns on the question of whether the individual is a public officer or an employee, this distinction is immaterial if the individual's actions are "corrupt or malicious" or are "outside and beyond the scope of his duties." (citation omitted) Both employees and public officers are liable for damages proximately caused by such actions.

*Hare v. Butler*, 99 N.C. App. 693, 701, 394 S.E.2d 231, 237, *disc. review denied*, 327 N.C. 634, 399 S.E.2d 121 (1990).

LOCUS v. FAYETTEVILLE STATE UNIVERSITY

[102 N.C. App. 522 (1991)]

The plaintiff further contends that the trial judge erred by denying her a "reasonable opportunity" to present materials which were pertinent to a Rule 56 motion: depositions which would have shown that there were genuine issues of material fact as to whether the defendants' actions were "corrupt, or malicious or outside and beyond the scope of their duties." We agree.

It is undisputed between the parties that the plaintiff was not given an opportunity at the hearing to oppose the defendants' motion for summary judgment with her own depositions. While there is no transcript of the motions hearing, the Order Judicially Settling the Record on Appeal indicates that the reason the plaintiff's proffered depositions were excluded from consideration was because the plaintiff had not submitted them prior to the motions hearing as instructed. As such, the trial court refused to consider the plaintiff's depositions because they were not submitted "in a reasonable, timely fashion." Under these facts, we cannot agree with the trial judge's interpretation of when a party has had a "reasonable opportunity" to present material in opposition to a Rule 12(b)(6) motion which has been converted to a Rule 56 motion for summary judgment.

As the defendants themselves correctly note, what is "reasonable" must be determined by the circumstances of a particular case. In the instant case, the plaintiff appeared at the motions hearing expecting to oppose the Rule 12(b)(6) motion to dismiss, not a motion for summary judgment. The distinction between a Rule 12(b)(6) motion to dismiss and a motion for summary judgment is more than a mere technicality. When considering a 12(b)(6) motion to dismiss, the trial court need only look to *the face of the complaint* to determine whether it reveals an insurmountable bar to plaintiff's recovery. *Hawkins v. Webster*, 78 N.C. App. 589, 337 S.E.2d 682 (1985). By contrast, when considering a summary judgment motion, the trial court must look at more than the pleadings; it must also consider additional matters such as affidavits, depositions and other specified matter outside the pleadings. *Shoffner Indus., Inc. v. W.B. Lloyd Constr. Co.*, 42 N.C. App. 259, 262, 257 S.E.2d 50, 53, *disc. review denied*, 298 N.C. 296, 259 S.E.2d 301 (1979). Summary judgment is proper only when there are no genuine issues of material fact and one party is entitled to judgment as a matter of law. *Little v. National Servs. Indus., Inc.*, 79 N.C. App. 688, 690, 340 S.E.2d 510, 512 (1986). Thus, despite the fact that the court had given instructions for the parties to submit all material they

LOCUS v. FAYETTEVILLE STATE UNIVERSITY

[102 N.C. App. 522 (1991)]

wished to be considered prior to the hearing date, it was not unreasonable for the plaintiff to have submitted her depositions at the hearing. Such extraneous material would have been pertinent only to a motion for summary judgment: a motion which was not raised until the hearing was well under way.

The defendants argue that since the plaintiff had been served with "matters outside the pleadings" well in advance of the hearing date, she should have known that the Rule 12(b)(6) motion to dismiss was going to be converted to a Rule 56 motion for summary judgment. We disagree. The Rules of Civil Procedure do not require one party to *anticipate* the making of a motion by another party. Indeed, Rule 12(b) clearly contemplates the case where a party is "surprised" by the treatment of a Rule 12(b)(6) motion as one for summary judgment; it affords such a party a reasonable opportunity to oppose the motion with her own materials made pertinent to such a motion.

The defendants also contend that *Raintree Corp. v. Rowe*, 38 N.C. App. 664, 248 S.E.2d 904 (1978), mandates a result different from that which we reach. However, *Raintree* is clearly distinguishable from the case at hand in that the plaintiff there was found to have waived his objection to the 10-day notice requirement under Rule 56 by fully participating in the hearing and by not requesting an opportunity to present additional evidence. Here, the plaintiff objected to the Rule 56 hearing, sought to present additional evidence and, further, requested a continuance to obtain additional evidence.

Under the facts of this case, we conclude that the plaintiff was not given a reasonable opportunity to oppose the defendants' Rule 56 motion for summary judgment. For this reason, this case is remanded to the trial court so that the plaintiff may be given such an opportunity.

Reversed and remanded.

Chief Judge HEDRICK and Judge LEWIS concur.