REGINALD NEWBERNE, PLAINTIFF-APPELLANT v. CRIME CONTROL AND PUBLIC SAFETY, AN AGENCY OF THE STATE OF NORTH CAROLINA, DIVISION OF STATE HIGHWAY PATROL, A PRINCIPAL SUBUNIT OF AN AGENCY OF THE STATE OF NORTH CAROLINA, BRYAN E. BEATTY, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF CRIME CONTROL AND PUBLIC SAFETY, RICHARD W. HOLDEN, IN HIS OFFICIAL CAPACITY. AS COMMANDING OFFICER OF THE DIVISION OF STATE HIGHWAY PATROL AND C.E. MOODY, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF INTERNAL AFFAIRS FOR DIVISION OF STATE HIGHWAY PATROL, AND A.C. COMBS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS FIRST SERGEANT WITH THE DIVISION OF STATE HIGHWAY PATROL, DEFENDANTS-APPELLEES

No. COA03-530

(Filed 18 January 2005)

**1. Public Officers and Employees— whistleblower complaint—highway patrol trooper—incomplete report**

    The trial court did not err by dismissing a whistleblower complaint for failure to state a claim where plaintiff was a highway patrol trooper who had filed a report in which he held back information about excessive force by another officer, eventually filed a complete report, and was dismissed for violating State Highway Patrol truthfulness requirements. The purpose of the Whistleblower Act is to protect truthful reporting, not to condone untruthful conduct.

**2. Public Officers and Employees— whistleblower complaint—failure to exhaust administrative remedies**

    A whistleblower complaint by a highway patrol trooper was properly dismissed under N.C.G.S. § 1A-1, Rule 12(b)(6) where plaintiff admitted in his complaint that he had not exhausted his administrative remedies.

    Judge TYSON dissenting.

Appeal by plaintiff from an order entered 29 January 2003 by Judge Henry W. Hight, Jr. in Superior Court, Wake County. Heard in the Court of Appeals 24 February 2004.

*Allen and Pinnix, P.A., by J. Heydt Philbeck, for plaintiff-appellant.*

*Attorney General Roy Cooper, by Special Deputy Attorney General Isaac T. Avery, III, and Assistant Attorney General Donald K. Phillips, for the State.*

McGEE, Judge.

Plaintiff appeals from the trial court's dismissal on 29 January 2003 of plaintiff's complaint of retaliation made pursuant to North Carolina's Whistleblower Act, N.C. Gen. Stat. § 126-84, *et. seq.*

Reginald Newberne (plaintiff) was a law enforcement officer with the State Highway Patrol (SHP) in the position of trooper. While on duty on 14 May 2000, plaintiff arrived at approximately 12:30 a.m. at a crime scene where Owen Jackson Nichols (Nichols) had been apprehended and arrested. At the time of plaintiff's arrival on the scene, Nichols had already been arrested and placed in the rear seat of the patrol car of Trooper B.O. Johnson (Trooper Johnson). Plaintiff did not participate in, nor witness, the apprehension of Nichols, and was never close enough to Nichols to assess Nichols' physical condition.

Trooper P.A. Collins (Trooper Collins) approached plaintiff at the scene of the arrest. Plaintiff observed that Trooper Collins was rubbing one of his hands and plaintiff asked Trooper Collins whether he had hurt it. Trooper Collins responded that he had jammed his hand after hitting Nichols and that Trooper J.R. Edwards (Trooper Edwards) had attempted to pull "[Trooper Collins' hand] back in place." Plaintiff suggested that Trooper Collins go to the hospital for treatment, but Trooper Collins responded that he would not know how to explain his injury to the sergeant. Trooper Collins speculated that he could tell the sergeant that he hurt himself in a fall. Plaintiff then left the scene of the arrest.

Nichols' father filed a complaint on 14 May 2000 with the Internal Affairs section of the Division of State Highway Patrol, alleging that Troopers Johnson, Collins, and Edwards had used excessive force in arresting his son.

Plaintiff's supervisor, Sergeant A.C. Combs (Sergeant Combs), asked plaintiff on 13 June 2000 whether he had been involved in the apprehension of Nichols. Plaintiff responded that Nichols was arrested prior to plaintiff's arrival on the scene. Sergeant Combs then asked plaintiff whether he saw anyone use force on Nichols. Plaintiff responded that he had not, but that Trooper Collins had hurt his hand while at the scene of the arrest. Sergeant Combs directed plaintiff to write a report stating what he recalled seeing at the scene of Nichol's arrest, and for plaintiff to leave the report in Sergeant Comb's basket by the end of plaintiff's shift that day.

Concerned about retaliation and reprisal as a result of his report, plaintiff called Sergeant Combs on the morning of 14 June 2000 and expressed his reluctance to write the statement. Plaintiff suggested that he was "not involved" in the arrest of Nichols. Sergeant Combs again directed plaintiff to write the report regarding what he had seen on 14 May 2000.

Plaintiff submitted a statement (Statement I) later in the day on 14 June 2000. Plaintiff had limited Statement I to what plaintiff had literally *seen* transpire on 14 May 2000. Plaintiff noted in Statement I that Trooper Collins had apparently hurt his hand and that plaintiff suggested he receive medical attention. When plaintiff submitted Statement I to Sergeant Combs, Sergeant Combs immediately handed plaintiff a previously prepared Trooper Performance Record which cited plaintiff's failure to follow the sergeant's request to complete the report by the initial deadline and for being "argumentative" about the directive to write a report.

Plaintiff was concerned that he had not included in Statement I Trooper Collins' admission that he had hurt his hand in the apprehension of Nichols. Plaintiff thereafter sought the advice of a fellow trooper and mentor, Sergeant Montgomery. After speaking with Sergeant Montgomery, plaintiff approached Sergeant Combs on 20 June 2000 and informed him that Statement I had not included all that plaintiff had witnessed on 14 May 2000. Sergeant Combs directed plaintiff to write an amended statement including all that plaintiff knew about the events of 14 May 2000.

Plaintiff complied with Sergeant Combs' order and wrote a second statement (Statement II) in which he noted that Trooper Collins had told him that he had hurt his hand hitting Nichols and that Trooper Collins had suggested he could tell the sergeant that he had hurt his hand in a fall. Plaintiff noted in Statement II that he

had failed to include this information in Statement I because he did not consider himself to be involved in the incident and did not want to get involved.

Plaintiff believed Sergeant Combs reported to Captain Moody that plaintiff was "misleading, untruthful and incomplete in his oral and written communications" with Sergeant Combs on 13 June 2000 regarding the 14 May 2000 incident. Captain Moody thereafter filed a personnel complaint on or about 15 September 2000 alleging that plaintiff had committed a Serious Personal Conduct Violation of Directive No. H.1. Section VI (Truthfulness Directive) of the Division of State Highway Patrol's policy manual. Plaintiff's employment was terminated on 10 April 2001 as a result of his failure to comply with the Truthfulness Directive.

Plaintiff filed a complaint in Wake County Superior Court on 9 April 2002 alleging defendants had violated North Carolina's Whistleblower Act in terminating plaintiff's employment. Defendants filed a motion to dismiss plaintiff's complaint on the grounds that he had failed to state a claim upon which relief could be granted. Defendants' motion was granted in an order filed 29 January 2003. Plaintiff appeals.

[1] In plaintiff's first assignment of error, he argues the trial court erred in granting defendants' Rule 12(b)(6) motion to dismiss plaintiff's complaint. Plaintiff contends that his complaint properly alleged a *prima facie* claim pursuant to the Whistleblower Act and that plaintiff made no disclosure in his complaint that would defeat that claim. North Carolina's Whistleblower Act, N.C. Gen. Stat. § 126-84 *et seq.* (2003), provides that

> No head of any State department, agency or institution or other State employee exercising supervisory authority shall discharge, threaten or otherwise discriminate against a State employee regarding the State employee's compensation, terms, conditions, location, or privileges of employment because the State employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, any activity described in G.S. 126-84, *unless the State employee knows or has reason to believe that the report is inaccurate.*

N.C. Gen. Stat. § 126-85(a) (2003) (emphasis added). In order to present a claim under the Whistleblower Act, plaintiff must establish a *prima facie* case consisting of the following elements: "(1) [plaintiff]

engaged in protected activity, (2) followed by an adverse employment action, and (3) the protected conduct was a substantial or motivating factor in the adverse action." *Kennedy v. Guilford Tech. Community College*, 115 N.C. App. 581, 584, 448 S.E.2d 280, 282 (1994); *see also Wells v. N.C. Dep't of Corr.*, 152 N.C. App. 307, 567 S.E.2d 803 (2002). The explicit policy supporting the Whistleblower Act is to encourage State employees to report

> verbally or in writing to their supervisor, department head, or other appropriate authority, evidence of activity by a State agency or State employee constituting:
>
> (1) A violation of State or federal law, rule or regulation[.]

N.C. Gen. Stat. § 126-84(a)(1).

In considering a Rule 12(b)(6) motion, a trial court must determine whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. *See* N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2003). A motion to dismiss directs the trial court to test the legal sufficiency of the complaint, not the facts which support the claim. *Warren v. New Hanover County Bd. of Education*, 104 N.C. App. 522, 525, 410 S.E.2d 232, 234 (1991). Specifically, the trial court is to dismiss a complaint " ' "if no law exists to support the claim made, if sufficient facts to make out a good claim are absent, or if facts are disclosed which will necessarily defeat the claim." ' " *Plummer v. Community Gen. Hosp. of Thomasville, Inc.*, 155 N.C. App. 574, 576, 573 S.E.2d 596, 598 (2002) (citations omitted), *disc. review denied*, 357 N.C. 63, 579 S.E.2d 392 (2003).

As to the first element of a claim under the Whistleblower Act, plaintiff argues that in filing his statement, he was engaged in a "protected activity," pursuant to N.C.G.S. § 126-84(a)(1). Secondly, plaintiff alleges in his complaint that defendants terminated his employment following his submission of his statements about the incident. Plaintiff further contends that his protected conduct in reporting that "the Troopers violated State or federal law . . . and exercised gross abuse of authority in the apprehension and arrest of Owen Nichols" was a substantial or motivating factor in his firing.

Defendants argue, however, that plaintiff's complaint also alleges facts which necessarily defeat plaintiff's claim for relief. We agree. Plaintiff admitted in the allegations of his complaint that he knew the original report prepared and submitted by him was inaccurate.

Plaintiff's complaint stated that he knowingly filed an incomplete report and later filed a correction after conferring with Sergeant Montgomery. Plaintiff's admission in his complaint of his own inaccurate reporting disclosed facts which " ' "will necessarily defeat the claim." ' " *Plummer*, 155 N.C. App. at 576, 573 S.E.2d at 59 (citations omitted).

The stated purpose of the Whistleblower Act is to encourage state employees to report improper conduct. Plaintiff in this case was directed to write Statement I, which by his own admission, he wrote in an incomplete and misleading manner. Plaintiff alleged he was troubled by his account in Statement I and sought to amend the original report. Furthermore, plaintiff alleged he wrote both statements at the behest of Sergeant Combs. Plaintiff makes no allegation that Sergeant Combs directed plaintiff to write anything counter to the truth. The purpose of the Whistleblower Act is to protect truthful reporting, not to condone untruthful conduct such as plaintiff's. The fact that plaintiff wrote Statement II does not render the filing of Statement I meaningless in the context of the Whistleblower Act, which protects a state employee from retaliation, except when that employee knows the report is inaccurate. The trial court did not err in dismissing plaintiff's complaint and this assignment of error is without merit.

**[2]** In addition, prior to filing the complaint in this case, plaintiff filed an action before the Office of Administrative Hearings alleging retaliation and racial discrimination. In *Swain v. Elfland*, 145 N.C. App. 383, 550 S.E.2d 530, *cert. denied*, 354 N.C. 228, 554 S.E.2d 832 (2001), our Court noted that there existed for a plaintiff two means of redress for violations of the Whistleblower statute: (1) N.C. Gen. Stat. § 126-86 which provides that " '[a]ny State employee injured by a violation of G.S. 126-85 may maintain an action in superior court . . .' " and (2) N.C. Gen. Stat. § 126-34.1(a)(7) which states that a State employee may file in the Office of Administrative Hearings a contested case for " '[a]ny retaliatory personnel action that violates G.S. 126-85.' " *Swain*, 145 N.C. App. at 389, 550 S.E.2d at 535 (quoting N.C.G.S. § 126-34 and N.C.G.S. § 126-34.1(a)(7)). Our Court determined in *Swain* that "[t]he only reasonable interpretation of these statutes is that a state employee may choose to pursue a Whistleblower claim in either forum, but not both." *Id.*; *see also Huang v. N.C. State University*, 107 N.C. App. 710, 715, 421 S.E.2d 812, 815 (1992).

The plaintiff in *Swain*, a police officer, filed a complaint in Superior Court pursuant to the Whistleblower Act, which included

allegations of wrongful discharge and racial discrimination. Shortly thereafter, the plaintiff alleged in an administrative action that he had been suspended as a result of racial discrimination and retaliation. *Swain*, 145 N.C. App. at 385-86, 550 S.E.2d at 533. Our Court stated that if the plaintiff could maintain an administrative action and an action in Superior Court simultaneously, "this would allow [the] plaintiff two bites of the apple, could lead to the possibility that different forums would reach opposite decisions, as well as engender needless litigation in violation of the principles of collateral estoppel." *Swain*, 145 N.C. App. at 389, 550 S.E.2d at 535.

Plaintiff admits in his complaint that he "did not exhaust his potential administrative remedies for his claim of retaliation[.]" As our Supreme Court stated in *Presnell v. Pell*, interrupting administrative proceedings through " 'premature intervention by the courts would completely destroy the efficiency, effectiveness, and purpose of the administrative agencies.' " *Presnell*, 298 N.C. 715, 722, 260 S.E.2d 611, 615 (1979) (citations omitted) (the plaintiff's wrongful discharge claim was properly dismissed pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)). Plaintiff in the case before us failed to exhaust his administrative remedies and the trial court did not err in dismissing his claim filed in Superior Court. *Swain*, 145 N.C. App. at 390, 550 S.E.2d at 535.

Because we find the trial court did not err in dismissing plaintiff's complaint, we do not reach plaintiff's remaining assignment of error.

Affirmed.

Judge WYNN concurs.

Judge TYSON dissents with a separate opinion.

TYSON, Judge dissenting.

I vote to reverse the trial court's Order dismissing plaintiff's action for failure to state a claim upon which relief can be granted. I respectfully dissent.

## I. Standard of Review

In reviewing the trial court's grant of a Rule 12(b)(6) motion to dismiss, we must determine whether "as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim

upon which relief can be granted under some legal theory." *Considine v. Compass Grp. USA, Inc.*, 145 N.C. App. 314, 316-17, 551 S.E.2d 179, 181 (citing *Lynn v. Overlook Development*, 328 N.C. 689, 692, 403 S.E.2d 469, 471 (1991)), *aff'd*, 254 N.C. 568, 557 S.E.2d 528 (2001); *see also* N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2003). The trial court's dismissal is affirmed only if " 'it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief.' " *Meyer v. Walls*, 347 N.C. 97, 111-12, 489 S.E.2d 880, 888 (1997) (quoting *Dixon v. Stuart*, 85 N.C. App. 338, 340, 354 S.E.2d 757, 758 (1987)).

> Dismissal of a complaint under Rule 12(b)(6) is proper when one of the following three conditions is satisfied: (1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint on its face reveals the absence of fact sufficient to make a good claim; (3) when some fact disclosed in the complaint necessarily defeats plaintiff's claim.

*Jackson v. Bumgardner*, 318 N.C. 172, 175, 347 S.E.2d 743, 745 (1986) (citing *Oates v. JAG, Inc.*, 314 N.C. 276, 333 S.E.2d 222 (1985)).

### II.  Sufficiency of Complaint

Plaintiff's action is governed by N.C. Gen. Stat. § 126-84, *et seq.*, the Whistleblower Act. The Whistleblower Act protects State employees who report, among other things, illegal activity by a State agency or employee. N.C. Gen. Stat. § 126-84, *et seq.* (2003). Department heads and supervising authorities are prohibited from retaliating against employees who engage in protected activity. N.C. Gen. Stat. § 126-84; N.C. Gen. Stat. § 126-85 (2003). The necessary elements for a claim under the Whistleblower Act include: "(1) the plaintiff's engagement in a 'protected activity,' (2) an 'adverse employment action' occurring subsequent to the 'protected activity,' and (3) the plaintiff's engagement in the 'protected activity' was a 'substantial or motivating factor' in the 'adverse employment action.' " *Wells v. N.C. Dep't. of Corr.*, 152 N.C. App. 307, 314, 567 S.E.2d 803, 809 (2002) (quoting *Kennedy v. Guilford Tech. Community College*, 115 N.C. App. 581, 584, 448 S.E.2d 280, 282 (1994) (quoting *McCauley v. Greensboro City Bd. of Educ.*, 714 F. Supp. 146, 151 (M.D.N.C. 1987))).

Here, plaintiff's complaint properly alleges each required element and that he engaged in "protected activity," pursuant to N.C. Gen. Stat. § 126-84(a). Specifically, plaintiff's complaint alleges: (1) he was

a State employee and a Trooper with the North Carolina Division of State Highway Patrol; (2) all defendants were State employees who exercised supervisory authority over plaintiff pursuant to N.C. Gen. Stat. § 126-85; (3) plaintiff's initial statement, Statement I, was "truthful and complied with the instruction of [Sergeant] Combs;" (4) plaintiff, after seeking "the counsel and mentorship of another trooper," approached Sergeant Combs "on his own volition" to inform him that there were "things he didn't know about what had happened," which resulted in plaintiff's subsequent preparation and submission of an amended statement.

Regarding the second element, plaintiff's complaint alleges that defendants terminated plaintiff following submission of his amended statement regarding the incident. In filing his first report, plaintiff literally complied with his supervisor's request to "write what he saw in a statement" by filing his statement the next morning. Although plaintiff reluctantly filed Statement I one day after Sergeant Combs demanded the statement, the short delay does not indicate "misleading, untruthful [or] incomplete . . . written communications," which were the reasons cited for plaintiff's termination. The majority's opinion does not identify any "misleading" or "untruthful" communication contained in plaintiff's Statement I. State employees, and state patrolmen in particular, regularly and routinely file amendments or continuations to their initial reports.

The third element is supported by allegations that "Defendants discharged Plaintiff because Plaintiff reported to his superiors, both verbally and in writing, information in the Amended Statement that supports a contention that the Troopers violated State or federal law . . . and exercised gross abuse of authority in the apprehension and arrest of Owen Nichols."

Plaintiff's claim under the Whistleblower Act is further supported by allegations that: (1) "[his] sanction of dismissal for allegedly withholding information . . . was grossly inequitable in comparison with the treatment and/or sanctions received by other Troopers;" (2) "Defendants' termination of plaintiff was pretextual in the need to protect the Department and Division from a potential civil law suit by Owen Nichols for the use of excessive force;" (3) "When Plaintiff submitted the Statement [I], Sergeant Combs handed Plaintiff a previously prepared Trooper Performance Record," a disciplinary action; and (4) "Defendants essentially punished Plaintiff for reporting on Plaintiff's own volition the truth, which truth was protected by N.C. Gen. Stat. § 126-84."

These allegations, construed liberally and taken as true, are sufficient to support plaintiff's claim that he engaged in "protected activity," which became a "substantial or motivating factor in the adverse employment action." *Wells*, 152 N.C. App. at 314, 567 S.E.2d at 809 (quotations omitted).

### III.  Disclosure of Facts to Defeat Plaintiff's Claim

Plaintiff argues his complaint does not reveal any fact to defeat his claim. I agree. "When considering a 12(b)(6) motion to dismiss, the trial court need only look to *the face of the complaint* to determine whether it reveals an insurmountable bar to plaintiff's recovery." *Locus v. Fayetteville State University*, 102 N.C. App. 522, 527, 402 S.E.2d 862, 866 (1991) (citing *Hawkins v. Webster*, 78 N.C. App. 589, 337 S.E.2d 682 (1985)).

### A.  Truthfulness of the Report

The majority's opinion concludes, "Plaintiff's complaint stated that he knowingly filed an incomplete report and later filed a correction after conferring with Sergeant Montgomery." Plaintiff's complaint does *not* allege or reveal that "he knew the original report prepared and submitted by him was inaccurate," as the majority's opinion contends.

Taking plaintiff's allegations as true, he was "truthful and complied with the instruction of [Sergeant] Combs . . . [and] *strictly followed* [Sergeant] Combs'[s] instructions to write what he 'saw' . . . ." (Emphasis supplied). Plaintiff "remained troubled about whether he should had [sic] also included Collins' Statements [regarding how he had injured his hand] in the Statement [I] . . . ." On his own accord, plaintiff later informed Sergeant Combs of Collins's statements and amended his statement to include, at Sergeant Combs's request, "everything he knows about the Incident." Both statements completed by plaintiff properly conformed to the direction and request of his commanding·officer and were wholly true and accurate. Treating plaintiff's allegations as true, Statement I included everything plaintiff "saw," and the amended statement included everything he "knew."

No allegation contained on the face of plaintiff's complaint defeats his claim for relief. The majority's opinion fails to identify specifically any allegation to defeat plaintiff's complaint and errs in its holding to affirm the trial court's Rule 12(b)(6) dismissal of plaintiff's complaint on this basis.

## B. Office of Administrative Hearings

Defendants contend and the majority's opinion concludes plaintiff's claim with the Office of Administrative Hearings ("OAH") bars the action at bar. I disagree.

Plaintiff's complaint admits he "did not exhaust all his potential administrative remedies," but mentions no pending claim with the OAH. Defendants' argument and assertion of other defenses may be appropriate for a summary judgment hearing under Rule 56, but are not to be considered in a motion to dismiss under Rule 12(b)(6). *See Locus*, 102 N.C. App. at 527, 402 S.E.2d at 865 (converting motion to dismiss into motion for summary judgment "where matters outside the pleadings are presented to and not excluded by the court . . . .").

Reliance by the majority's opinion on *Swain v. Elfland*, 145 N.C. App. 383, 550 S.E.2d 530, *cert. denied*, 354 N.C. 228, 554 S.E.2d 832 (2001), is misplaced. Although this Court held that a plaintiff, under the Whistleblower Act, has two means of redress, we stopped short of concluding that a plaintiff *must* first exhaust all his administrative remedies before seeking relief in the superior court. *Id.* at 390, 550 S.E.2d at 535. As plaintiff's complaint includes no allegation regarding a hearing conducted in the OAH, *Swain* does not apply. The majority's opinion acknowledges plaintiff's right to bring an action in the superior court is allowed pursuant to N.C. Gen. Stat. § 126-86 (2003).

## IV. Conclusion

Neither the majority's opinion nor defendants identify any fact or set of facts contained on the face of plaintiff's complaint to defeat plaintiff's Whistleblower claim. Upon review of "the face of the complaint," plaintiff presents no fact to reveal an "insurmountable bar" to recovery. *See Locus*, 102 N.C. App. at 527, 402 S.E.2d at 866.

I vote to reverse the trial court's judgment granting defendants' Rule 12(b)(6) motion to dismiss. Upon defendants' motion to dismiss for failure to state a claim upon which relief can be granted, the trial court must liberally treat plaintiff's allegations as true. Plaintiff's complaint sufficiently alleges a claim under the Whistleblower Act. I respectfully dissent.