REGINALD NEWBERNE, Plaintiff v. NORTH CAROLINA DEPARTMENT OF CRIME CONTROL AND PUBLIC SAFETY, an agency of the State of North Carolina, DIVISION OF STATE HIGHWAY PATROL, a principal subunit of an agency of the State of North Carolina, BRYAN E. BEATTY, in his official capacity as Secretary of the Department of Crime Control and Public Safety, W. FLETCHER CLAY, in his official capacity as Commanding Officer of the Division of State Highway Patrol, C.E. MOODY, in his official capacity as Director of Internal Affairs for Division of State Highway Patrol, and A.C. COMBS, in his individual and official capacity as First Sergeant with the Division of State Highway Patrol, Defendants

No. COA07-1570

(Filed 16 September 2008)

**Public Officers and Employees— Whistleblower claims—prior administrative settlement**

Summary judgment for defendants on a Whistleblower claim was reversed where plaintiff, a Highway Patrol trooper, had accepted the benefits of a settlement of a prior administrative action. Plaintiff did not allege Whistleblower claims in the administrative proceeding, the settlement did not contain a release, and Whistleblower remedies were not available in the administrative action.

Appeal by plaintiff from order entered 27 September 2007 by Judge Howard E. Manning, Jr. in Wake County Superior Court. Heard in the Court of Appeals 20 August 2008.

*Bailey & Dixon, L.L.P., by J. Heydt Philbeck and G. Lawrence Reeves, for plaintiff-appellant.*

*Attorney General Roy Cooper, by Special Deputy Attorney General Hal F. Askins and Assistant Attorney General Ashby T. Ray, for defendant-appellees.*

TYSON, Judge.

Reginald Newberne ("plaintiff") appeals from order entered, which: (1) granted the Department of Crime Control and Public Safety's, *et al.*, (collectively, "defendants") motion for summary judgment and (2) denied plaintiff's motion to reconsider. We reverse and remand.

I. Background

On 9 April 2002, plaintiff filed a complaint against defendants and alleged a claim of retaliation pursuant to N.C. Gen. Stat. § 126-84, *et*

*seq.* ("Whistleblower Act"). Plaintiff's complaint asserted "[d]efendants discharged [p]laintiff because [p]laintiff reported to his superiors . . . information . . . that supports a contention that [other] [t]roopers violated State or federal law . . . ." For a detailed discussion of the underlying facts, see this Court's previous opinion in *Newberne v. Crime Control & Public Safety,* 168 N.C. App. 87, 606 S.E.2d 742, *rev'd,* 359 N.C. 782, 618 S.E.2d 201 (2005).

On 26 November 2002, defendants answered plaintiff's complaint and moved to dismiss for plaintiff's failure to state a claim upon which relief can be granted. On 29 January 2003, the trial court entered its order, which granted defendants' motion to dismiss. Plaintiff appealed.

A divided panel of this Court affirmed the trial court's dismissal. *Id.* at 93, 606 S.E.2d at 746. Plaintiff appealed to our Supreme Court, which reversed this court's affirmance of the trial court's dismissal and mandated a remand to the trial court. *Newberne,* 359 N.C. at 800, 618 S.E.2d at 213.

On remand, defendant moved for summary judgment and the trial court conducted three hearings on defendants' motion. On 23 February 2007, the trial court continued the hearing on defendants' motion for summary judgment "to allow the Parties to handle pending administrative issues." On 6 July 2007, the trial court granted defendants' motion for summary judgment.

On 9 July 2007, plaintiff moved to reconsider summary judgment based on evidence acquired post-hearing. An amended motion was filed on 10 July 2007. Plaintiff asserted "a false statement of fact" was made to the trial court during the 6 July 2007 hearing. On 27 September 2007, plaintiff's motion to reconsider was heard. An order was entered, which granted defendants' motion for summary judgment and dismissed plaintiff's complaint with prejudice. The record does not show that plaintiff's motion to reconsider was formally denied. Plaintiff appeals.

## II.  Issues

Plaintiff argues the trial court erred when it: (1) granted defendants' motion for summary judgment and (2) denied plaintiff's motion to reconsider.

## III.  Standard of Review

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. The party moving for summary judgment ultimately has the burden of establishing the lack of any triable issue of fact.

A defendant may show entitlement to summary judgment by (1) proving that an essential element of the plaintiff's case is nonexistent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense. Summary judgment is not appropriate where matters of credibility and determining the weight of the evidence exist.

Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial.

We review an order allowing summary judgment *de novo*. If the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal.

*Wilkins v. Safran*, 185 N.C. App. 668, 672, 649 S.E.2d 658, 661 (2007) (internal citations and quotations omitted).

### IV. Motion for Summary Judgment

Plaintiff argues the trial court erred when it granted defendants' motion for summary judgment "on the grounds of 'estoppel by benefit' when affidavits and transcripts containing admissible evidence showed that there existed genuine issues of material fact . . . ." We agree.

### A. Estoppel by Benefit

In its order entered 27 September 2007, the trial court stated that it:

is of the opinion that the Plaintiff, having previously entered into an agreement with Defendant Department of Crime Control and Public Safety (Department), to allow him to voluntarily resign from his employment with the Department in lieu of dismissal, in Return for which Plaintiff received back pay and benefits including retirement contributions and Law Enforcement 401K contributions, as well as payment to Plaintiff's attorney for attorney

fees is estopped from accepting the benefit of that agreement which allowed him to resign and receive financial compensation and now disavowing his status of having voluntarily resigned in order to pursue an action based on wrongful dismissal.

In other words, Plaintiff may not have his cake and eat it too. Defendants' Motion for Summary Judgment should be allowed.

The trial court erroneously entered summary judgment after finding plaintiff's entry into a settlement agreement on his Office of Administrative Hearings ("OAH") administrative action estopped him from pursuing his Whistleblower Act claim. As plaintiff correctly stated in his 9 April 2002 complaint:

a. Had Plaintiff filed a petition for Contested Case Hearing for retaliation under N.C. Gen. Stat. Sec. 126-34.1[(a)](7), Plaintiff would have been deprived of his right to a trial by jury pursuant to N.C. Gen. Stat. Chapter 126, Article 14.

b. Had Plaintiff filed a petition for Contested Case Hearing for retaliation under N.C. Gen. Stat. Sec. 126-34.1[(a)](7), Plaintiff would have been deprived of his right to sue any defendant individually.

c. Had Plaintiff filed a petition for Contested Case Hearing for retaliation under N.C. Gen. Stat. Sec. 126-34.1[(a)](7), Plaintiff would have been deprived of his right to be awarded treble damages against individuals found to be in willful violation pursuant to N.C. Gen. Stat. Sec. 126-87.

The acceptance of the limited proceeds and recovery from the settlement of the OAH administrative action does not estop plaintiff from seeking recovery of damages under the Whistleblower Act, when plaintiff did not allege a Whistleblower Act claim in his OAH administrative action and such remedies were not recoverable in his OAH administrative action. See N.C. Gen. Stat. §§ 126-34.1(a)(7), -37(a), -87 (2001). The settlement agreement does not contain any release of a claim under the Whistleblower Act. Plaintiff correctly concedes however that "[a]ny amount in damages that [plaintiff] would receive upon proving retaliation could be offset by any amount that he received for back pay and benefits in settlement of the OAH administrative action."

### B. *Prima Facie* Whistleblower Act Claim

Defendants argue that the trial court properly granted their motion for summary judgment because "[p]laintiff cannot, as a matter

of law, show that he suffered an adverse employment action within the scope of Article 14 of Chapter 126." We disagree.

In order to establish a claim under the Whistleblower Act, a plaintiff must plead and prove: "(1) that the plaintiff engaged in a protected activity, (2) that the defendant took adverse action against the plaintiff in his or her employment, and (3) that there is a causal connection between the protected activity and the adverse action taken against the plaintiff." *Newberne*, 359 N.C. at 788, 618 S.E.2d at 206.

Defendants do not dispute that plaintiff's employment with the Highway Patrol was terminated on 10 April 2001. Defendants assert however that plaintiff's subsequent reinstatement and resignation pursuant to the 24 January 2002 settlement agreement estops plaintiff from now arguing he was terminated. We disagree.

The 24 January 2002 settlement agreement stated, in pertinent part:

1. The Respondent agrees to reinstate the Petitioner and provide him back-pay and credit toward retirement, as well as annual leave from the date of dismissal (April 11, 2001 until January 8, 2002). The Respondent will make the standard contributions to the Petitioner's 401(k) and state retirement.

2. The Petitioner agrees to submit a letter of resignation to the Respondent which includes the following language: "I voluntarily resign my position with the North Carolina State Highway Patrol effective the close of workday January 8, 2002. I hereby waive any right to appeal this resignation to the State Personnel Commission."

3. After his resignation, Petitioner will also receive a paycheck for any accumulated vacation time. After his resignation is final, he can apply to have his retirement contributions returned to him and contact BB&T about his 401(k) contributions.

4. The Petitioner will take a voluntary dismissal of the contested case.

Plaintiff's acceptance of the settlement agreement and subsequent voluntary resignation from the Highway Patrol does not negate the fact that plaintiff's employment was terminated on 10 April 2002. Plaintiff's later reinstatement and subsequent resignation may mitigate any recovery to which he is entitled, but the question of damages

is to be determined by the finder of fact on remand. *See Williams v. Highway Commission*, 252 N.C. 514, 519, 114 S.E.2d 340, 343 (1960) ("The determination of the amount of damages is the province of the jury." (Citation omitted)). The trial court erred when it granted defendants' motion for summary judgment. The trial court further erred when it failed to enter a ruling on plaintiff's motion to reconsider.

## V. Conclusion

The trial court erred when it granted defendants' motion for summary judgment and dismissed plaintiff's Whistleblower Act claim with prejudice. Plaintiff did not allege a Whistleblower Act claim in his OAH administrative action and did not release these claims in the settlement agreement. Claims and remedies available under the Whistleblower Act were not recoverable in his OAH administrative action. *See* N.C. Gen. Stat. §§ 126-34.1(a)(7), -37(a), -87. The trial court further erred when it failed to enter a ruling on plaintiff's motion to reconsider. The trial court's order, which granted defendants' motion for summary judgment, is reversed and this cause is remanded for proceedings not inconsistent with this opinion.

Reversed and Remanded.

Judges CALABRIA and ELMORE concur.