Thomas PETERSON, Plaintiff,

v.

**DAVIDSON COUNTY COMMUNITY COLLEGE, Defendant.**

No. 1:04 CV 00981.

United States District Court, M.D. North Carolina.

March 15, 2005.

Nancy Pulliam Quinn, Greensboro, NC, for Plaintiff.

William A. Blancato, Winston–Salem, NC, for Defendant.

## MEMORANDUM OPINION

BULLOCK, District Judge.

Thomas Peterson ("Plaintiff") brought this action asserting that Davidson County Community College ("Defendant") terminated his employment in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* Plaintiff also asserts that Defendant failed to pay him in full in breach of his employment contract. The matter is before the court on Defendant's motion to dismiss, which will be granted for the reasons set forth below.

## DISCUSSION

I. *Plaintiff's ADEA Claims are Barred by the Eleventh Amendment*

■ The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." The Eleventh Amendment prevents a federal court from entertaining a suit brought by a citizen against a State or an instrumentality of the State that is considered an "arm of the State." *Regents of Univ. of Calif. v. Doe,* 519 U.S. 425, 430, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997). The Eleventh Amendment's protection does not extend to "mere political subdivisions of a State such as counties or municipalities, even if the counties and municipalities exercise a 'slice of State power.'" *Davis v. Durham Mental Health Developmental Disabilities Substance Abuse Area Auth.,* 320 F.Supp.2d 378, 393 (M.D.N.C.2004) (quoting *Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency,* 440 U.S. 391, 401, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979)).

■ Plaintiff concedes that Defendant is "an alter ego of the State of North Carolina" and can "take advantage of the Eleventh Amendment immunity." (Pl.'s Resp. and Br. Opp'n Def.'s Mot. Dismiss at 2.) Plaintiff's concession is supported by case law. *See, e.g., Miller v. Guilford Technical Cmty. Coll.,* 1998 U.S. Dist. LEXIS 15153, *6–7 (M.D.N.C. June 15, 1998) ("State funded colleges and universities are alter egos of the state" and are immune from suit under the Eleventh Amendment); *see also Conlin v. Southwestern Cmty. Coll.,* 2001 WL 1019918, *2–3 (W.D.N.C. Jan.24, 2001) (finding that community colleges in North Carolina are an arm of the State).

■ "State sovereign immunity under the Eleventh Amendment is not absolute." *Davis,* 320 F.Supp.2d at 393. There are two relevant exceptions warranting analysis in the present case. First, Congress may abrogate state immunity when enacting legislation pursuant to section 5 of the Fourteenth Amendment. *Fitzpatrick v. Bitzer,* 427 U.S. 445, 456, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). In the context of the ADEA, the Supreme Court has held that Congress did not abrogate state immunity. *See Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 91, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000) ("We hold only that, in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals"). Plaintiff is foreclosed from arguing that section 630(b) of the ADEA abrogates North Carolina's Eleventh Amendment immunity by the Supreme Court's holding in *Kimel.*

■ Second, a state may "directly and affirmatively waive its Eleventh Amendment immunity in a state statute or constitutional provision" or "by voluntarily participating in federal spending programs when Congress expresses 'a clear intent to condition participation in the programs ...

on a State's consent to waive its constitutional immunity.'" *Litman v. George Mason Univ.*, 186 F.3d 544, 550 (4th Cir. 1999). Here, there is no state statute or constitutional provision demonstrating the state of North Carolina's waiver of its immunity regarding the ADEA. Accordingly, the court will grant Defendant's motion to dismiss Plaintiff's ADEA claim on the ground that Defendant is protected by Eleventh Amendment immunity.

II. *Plaintiff's State Breach of Contract Claim is also Barred by the Eleventh Amendment*

 Defendant is also protected from Plaintiff's state breach of contract claim by the Eleventh Amendment. *See Doe, supra* (plaintiff's breach of contract suit against state university and several individual defendants in federal court barred by Eleventh Amendment).[1]

## CONCLUSION

For the foregoing reasons, the court will grant Defendant's motion to dismiss.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

### ORDER

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Defendant's motion to dismiss [Doc. # 7] is **GRANTED**, and this action is **DISMISSED** with prejudice.

[1]. A state may consent to suit in its own courts without waiving its Eleventh Amendment immunity. *See Smith v. Reeves*, 178 U.S. 436, 20

S.Ct. 919, 44 L.Ed. 1140 (1900); *Whitfield v. Gilchrist*, 348 N.C. 39, 497 S.E.2d 412 (1998).